UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VANESSA BIRT, <br>individually and on behalf of <br>J.S., her minor child <br><br>    Plaintiffs, <br><br>    v. <br><br>GLAXOSMITHKLINE LLC, <br><br>    Defendant. | Civil Action No. <br>15-13740-FDS |

## ORDER TO SHOW CAUSE

**SAYLOR, C.J.**

On May 26, 2016, this Court issued MDL Order No. 11, which required each plaintiff to complete a Plaintiff Fact Sheet with a signed declaration as well as authorizations and releases for health insurance and medical records. (Dkt. No. 252 ¶¶ 4, 14). It also required plaintiffs to produce documents relating to a variety of issues. (Dkt. No. 252 ¶ 3, Ex. 2). The Order provided that "questions on the fact sheets shall be treated as interrogatories under Rule 33 of the Federal Rules of Civil Procedure, and shall be subject to the rules applicable to such interrogatories." (Dkt. No. 252 ¶ 17).

The complaint in this action was filed in the United States District Court for the Central District of California on September 25, 2015. On November 4, 2015, the action was transferred to this Court. Accordingly, the Plaintiff Fact Sheet and authorizations were due on July 25, 2016. (*See* Dkt. No. 252 ¶ 11).

On July 17, 2020, counsel for GlaxoSmithKline LLC ("GSK") sent a letter notifying plaintiff's counsel that plaintiff did not submit a required authorization necessary to permit collection of plaintiff's records in accordance with MDL Order No. 11. (GSK Mem., Ex. 5). Subsequently, plaintiff submitted the authorization but failed to attach a copy of her driver's license, which was necessary in order for GSK to obtain plaintiff's records. (GSK Mem., Ex. 6).

GSK's counsel sent e-mails to plaintiff's counsel on August 4, 2020, and August 27, 2020, requesting a copy of plaintiff's driver's license. (GSK Mem., Ex. 6-7). Plaintiff's counsel twice requested an additional 30 days to provide the document, which GSK agreed to. (GSK Mem., Exs. 8-9).

On January 14, 2021, GSK's counsel requested that plaintiff provided the missing documents by January 25, 2021, or it would seek dismissal or other appropriate relief from the Court. (GSK Mem., Ex. 10).

On February 8, 2021, GSK filed a motion for an order to show cause as to why the case should not be dismissed for failure to prosecute and/or failure to provide court-ordered discovery. (GSK Mot. at 1-2).

On February 16, 2021, plaintiff provided GSK with the outstanding document. (Pl. Mem. at 1). Accordingly, because it appears that plaintiff has submitted the required information, GSK's motion for an order to show cause as to why the case should not be dismissed for failure to prosecute and/or failure to provide court-ordered discovery is DENIED.

Defendant has also moved for an order requiring plaintiff to pay the reasonable expenses, including attorneys' fees, caused by her late filing. Pursuant to Rule 37(b), an award of costs is appropriate in this case unless "the failure [to comply with a discovery order] was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

3

Plaintiff is hereby ORDERED to show cause in writing within 45 days (that is, by May 10, 2021) why an award of reasonable expenses pursuant to Rule 37(b) should not be issued in this case.  If good cause is not shown by that date, plaintiff will be ordered to pay the reasonable costs, including attorneys' fees, associated with her failure to comply with this Court's discovery orders.

**So Ordered.**

Dated:  March 24, 2021

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court